**UNITED STATES v. MINKOW et al.**

No. 51 Cr. 273.

United States District Court
N. D. Illinois, E. D.

March 28, 1952.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the United States.

Frank J. McAdams, Jr., Chicago, Ill., for defendant.

PERRY, District Judge.

On June 4, 1951, the Grand Jury for the United States District Court, Northern District of Illinois, returned an indictment, which charges that Irving Minkow and Sol Katz knowingly made false statements to banks for the purpose of obtaining loans with the intent that such loans be offered to the Federal Housing Administration for insurance, in violation of 12 U.S.C.A. § 1731. The first count of this indictment also alleges that the defendants conspired to commit this offense in violation of 18 U.S.C.A. § 371.

Counts 2 to 13, inclusive, set out the alleged violations of 12 U.S.C.A. § 1731. The earliest wrongful act is alleged to have been committed on or about October 14,

510

1947. The most recent offense is alleged to have occurred on or about March 18, 1948.

Defendant, Irving Minkow, has filed a motion to dismiss Counts 2 to 13, inclusive, on the ground that they are barred by the statute of limitations.

The Wartime Suspension of Limitations Act, 18 U.S.C.A. § 3287, provides that the "running" of the statute of limitations on frauds against the United States "shall be suspended until three years after the termination of hostilities". Unless this Act 'is applicable, these counts are clearly barred by the three year limitation period of 18 U.S.C.A. § 3282 because the indictment was not returned until June 4, 1951, more than three years after March 18, 1948, the most recent date of the alleged offense. The Wartime Suspension of Limitations Act, however, is inapplicable to crimes committed after December 31, 1946, when hostilities were declared terminated by Presidential Proclamation. United States v. Smith, 342 U.S. 225, 72 S.Ct. 260. Counts 2 to 13, inclusive, setting out offenses alleged to have been committed after December 31, 1946, are not governed by the Wartime Act, and are, therefore, barred by limitations.

The Court will enter an order sustaining this defendant's motion to dismiss these counts.